IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| EDWARD McMORRIS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 4:23-cv-00625-DGK |
| | ) |
| DECKER TRUCK LINE, INC. and | ) |
| SPENCER A. SHOWERS, | ) |
| | ) |
| Defendants. | ) |

## ORDER ON DISCOVERY DISPUTE

Now before the Court is a discovery dispute involving Plaintiff's failure to submit discovery responses and Rule 26 initial disclosures to Defendant Decker Truck Line, Inc. Pursuant to Local Rule 37.1, the Court scheduled a teleconference and ordered both parties to file a brief with the Court outlining the discovery issues. ECF No. 24. Because the discovery dispute can be decided on the parties' briefs, the Court is canceling the scheduled hearing.

The dispute is as follows: On October 30, 2023, the parties held a Rule 26(f) conference. On January 4, 2024, Defendant served its First Requests for Production and Interrogatories on Plaintiff. The responses were due on February 5, 2024. Despite multiple reminders and agreed upon extensions of time, Plaintiff repeatedly failed to provide his discovery responses and Rule 26 initial disclosures. On April 7, 2024—after the Court ordered the parties to brief this discovery issue—Plaintiff provided this information. The discovery deadline is April 26, 2024.

Plaintiff's counsel maintains the delay in providing responses was due to unforeseen administrative events he encountered earlier this year—e.g., hackers accessing his email and bank accounts—but, regardless, the issue is now moot since he provided the information two days ago. *See* Pl.'s Brief, ECF No. 26. Defense counsel argues the issue is still ongoing because (1)

Plaintiff's discovery responses are incomplete; (2) the responses indicate for the first time that Plaintiff intends to claim punitive damages; and (3) the delay has greatly prejudiced Defendant's ability to properly defend this case since key deadlines have passed in the interim, such as Defendant's expert designation deadline.  *See* Df.'s Brief, ECF No. 25; *see also* Df.'s Reply, ECF No. 27.  Specifically, Defendant argues Plaintiff's discovery responses are incomplete because Plaintiff objected to over a quarter of the Requests for Production despite waiving the ability to assert objections pursuant to Federal Rules of Civil Procedure 33 and 34.  Thus, Defendant requests the Court either (1) compel Plaintiff to produce complete discovery responses, without objections, and allow Defendant additional time to disclose experts; or (2) dismiss the case for lack of prosecution.

Here, it is undisputed that Plaintiff's counsel missed multiple discovery deadlines by months.  *See* Fed. R. of Civ. P. 33(b)(2) (answers and objections to interrogatories due within 30 days of service), 34(b)(2)(A) (same); 26(a)(1)(C) (initial disclosures due within 14 days after Rule 26(f) conference).  Notably, Plaintiff's counsel did not address the argument that his discovery responses were incomplete since they contained untimely objections.  *See Cargill, Inc. v. Ron Burge Trucking, Inc.,* 284 F.R.D. 421, 424–28 (D. Minn. 2012) (finding failure to assert objections within the timeframe specified under Rules 33 and 34 results in waiver of all objections, absent a finding of "good cause"); *see also Parshall v. Menard, Inc.*, No. 4:16-CV-828 (CEJ), 2016 WL 7188125, at *1–3 (E.D. Mo. Dec. 12, 2016).  Thus, this argument is waived.

Accordingly, Plaintiff is ORDERED to provide substantive responses to Defendant's First Request for Production and Interrogatories on or before <u>April 16, 2024</u>.  Failure to meet this deadline and all subsequent discovery deadlines may result in dismissal of this case.

Further, the discovery deadlines are amended as follows:

1. Defendant's expert designations shall be filed on or before <u>April 26, 2024</u>, and any such expert shall be made available for deposition by <u>May 24, 2024</u>.
2. Discovery shall be completed on or before <u>May 31, 2024</u>.
3. Motions to strike expert designations shall be filed on or before <u>June 28, 2024</u>.
4. Dispositive motions shall be filed on or before <u>June 28, 2024</u>.

All other deadlines set forth in the Court's prior Scheduling Order remain in place. ECF No. 14.

**IT IS SO ORDERED.**

Date: <u>April 9, 2024</u>   <u>/s/ Greg Kays</u>
GREG KAYS, JUDGE
UNITED STATES DISTRICT COURT