IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | | |
|---|---|---|
| EDWARD McMORRIS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:23-cv-00625-DGK |
| | ) | |
| DECKER TRUCK LINE, INC. and | ) | |
| SPENCER A. SHOWERS, | ) | |
| | ) | |
| Defendants. | ) | |

**ORDER DISMISSING CASE FOR LACK OF PROSECUTION**

Now before the Court is Defendant Decker Truck Line, Inc's Motion to Dismiss for Lack of Prosecution pursuant to Federal Rule of Civil Procedure 41(b). ECF No. 32. For the following reasons, the motion is GRANTED.

On September 7, 2023, Defendant removed the case to this Court. Pursuant to the Court's initial Scheduling Order, discovery closed on April 26, 2024. On January 4, 2024, Defendant served its first request for production of documents and interrogatories on Plaintiff. After Plaintiff repeatedly failed to provide his responses to this written discovery for months, Defendant requested the Court intervene. *See* Df.'s Mot. to Compel, ECF No. 18; Df.'s Reply Suggestions at 1, ECF No. 22 (noting Plaintiff never responded to Defendant's motion to compel).

The Court ordered the parties to brief the discovery dispute pursuant to Local Rule 37.1. ECF No. 24. Defendant did so and requested the Court either compel Plaintiff to produce *complete*, substantive discovery responses or dismiss the case for lack of prosecution. Plaintiff filed his brief on April 8, 2024. Notably, this was the first time Plaintiff had filed anything in the seven months this case was before for the Court. After reviewing the parties' briefing, on April

9, 2024, the Court ordered Plaintiff to provide substantive responses to Defendant's first request for production and interrogatories on or before April 16, 2024. *See* Order at 2, ECF No. 28. The Court noted Plaintiff had failed to meet multiple discovery deadlines (by months) and warned Plaintiff that "[f]ailure to meet this deadline and all subsequent discovery deadlines may result in dismissal of this case" as Defendant had alternatively requested. *Id.* The Court also extended the remaining discovery deadlines to ensure the parties had adequate time to complete discovery.

Defendant filed the present motion on April 24, 2024. ECF No. 32. Defendant claims Plaintiff provided his discovery responses on 12:04 AM on April 17, 2024 (one day late) but, more importantly, the responses were still incomplete. Defendant tried to remedy the situation by emailing Plaintiff's counsel on April 17 again asking for substantive responses, but Plaintiff never provided them. Accordingly, Defendant requests the Court dismiss this case for failure to prosecute and for failure to abide by Court orders and deadlines. Plaintiff never responded to the motion, and the deadline to do so has passed.

The Court has discretion to dismiss an action pursuant to Rule 41(b) where "the plaintiff fails to prosecute or to comply with [the Federal Rules] or a court order." *Smith v. Gold Dust Casino*, 526 F.3d 402, 404 (8th Cir. 2008). "Rule 41(b) dismissal with prejudice 'is a drastic and extremely harsh sanction, and is proper only when there has been a clear record of delay or contumacious conduct by the plaintiff.'" *DiMercurio v. Malcom*, 716 F.3d 1138, 1140 (8th Cir. 2013) (quotation omitted).

As an initial matter, Plaintiff's failure to respond to Defendant's motion not only amounts to waiver but is also emblematic of Plaintiff's actions (of lack thereof) in this case. Plaintiff has

barely filed anything in this case,[1] has repeatedly ignored Defendant's discovery requests, and has now disregarded the Court's discovery order. *See Racy v. Arkansas Child Support Enf't Unit, Revenue Div.*, 251 F. App'x 375 (8th Cir. 2007) (affirming dismissal without prejudice where plaintiff "ignored defendant's repeated discovery requests for over a year, ignored the district court's order compelling her to respond to such requests, and never provided any justification for her failure to respond"). To make matters worse, the parties' expert and dispositive motion deadlines have passed and neither party has filed anything.

The Court warned Plaintiff that dismissal was possible if he continued to disregard Court deadlines. *See Smith*, 526 F.3d at 405 (encouraging courts to warn litigants of the potential of dismissal before dismissing a case under Rule 41(b)). Plaintiff has demonstrated a persistent pattern of delay and blatant failure to comply with the Court's orders. *See Arnold v. ADT Sec. Servs.*, Inc., 627 F.3d 716, 722 (8th Cir. 2010); *Smith*, 526 F.3d at 405.

Accordingly, Defendant's motion to dismiss is GRANTED. Plaintiff's case is DISMISSED pursuant to Rule 41(b) for failure to prosecute.[2]

**IT IS SO ORDERED.**

Date: <u>August 15, 2024</u>             <u>  /s/ Greg Kays                    </u>
                                          GREG KAYS, JUDGE
                                          UNITED STATES DISTRICT COURT

---

[1] Plaintiff has not filed anything in this case since April 17, 2024. ECF No. 31 (requesting an extension of time to respond to a service-related issue brought to the Court's attention seven months after the case was removed).

[2] In light of this ruling, the three pending motions related to separate Defendant Spencer A. Showers are hereby DENIED AS MOOT. *See* ECF Nos. 21 (Defendant's motion to dismiss Defendant Showers for failure to effectuate service); 31 (Plaintiff's motion for extension of time to respond), 33 (Defendant's motion to withdraw its motion to dismiss Defendant Showers).